**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| v. | ) | **CASE NO. 26-cr-40010-JPG** |
| | ) | |
| **DYAVONTE D. MORSE,** | ) | |
| | ) | |
| *Defendant.* | ) | |

# ORDER

This matter comes before the Court on Defendant's Motion for Copies (Doc. 24). On September 1, 2026, Defendant was sentenced to 10 months in the Bureau of Prisons for violating the conditions of supervised release. (Doc. 18). On September 3, 2026, his appointed counsel filed a notice advising the Court that he explained to Defendant his right to appeal and Defendant declined to file a Notice of Appeal. (Doc. 23). On October 5, 2026, Defendant filed this pending motion seeking copies of the docket entries, plea agreement, and sentencing transcripts in this matter without costs to himself, citing the Fifth Amendment and Federal Rule of Appellate Procedure Rule 24(a)(3).

Rule 24(a)(3) allows a party "who was determined to be financially unable to obtain an adequate defense in a criminal case . . . [to] proceed on appeal in forma pauperis without further authorization" under certain circumstances. Fed. R. App. P. 24(a)(3). It does not authorize the unqualified issuance of complimentary copies to indigent parties. Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.,* through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.,* through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-

month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Beckham*, No. 07-CR-40062-JPG, 2009 WL 1884496, at *1 (S.D. Ill. June 30, 2009) (citing *United States v. Groce,* 838 F.Supp. 411, 413, 414 (E.D.Wis. 1993)). Likewise, a defendant's right to obtain a free transcript is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f).

Here, Defendant does not set forth any attempts to obtain the requested documents through his appointed counsel or other available means. Further, while he cites Rule 24(a)(3), a notice of appeal has not been filed, no related civil actions are pending, and Defendant does not explain how the requested documents are necessary for the preparation of any specific court proceeding. Without that information, the Court cannot certify that those documents are necessary to pursue a pending, non-frivolous matter. Nevertheless, as a one-time courtesy, the Court will provide Defendant with a copy of his public docket sheet. As such, Defendant's Motion for Copies (Doc. 24) is **GRANTED, in part, and DENIED, in part**. Defendant's request for a copy of his public docket sheet is **GRANTED**. The Clerk of Court is **DIRECTED** to send Defendant a copy of the public docket sheet for this case. Defendant's request for a copy of his plea agreement and sentencing transcripts is **DENIED without prejudice**.

**IT IS SO ORDERED.**
**DATED: October 14, 2026**

**J. Phil Gilbert**
**United States District Judge**